UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 15-49-HRW

ROBERT FREE,                                                        PLAINTIFF,

v.               MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final

decision of the Defendant denying Plaintiff's application for disability insurance benefits. The

Court having reviewed the record in this case and the dispositive motions filed by the parties, and

being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the

Administrative Law Judge is supported by substantial evidence and should be affirmed.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on December 30,

2011, alleging disability beginning on July 31, 2003, due to heart problems, high blood pressure,

gout and prostrate problems (Tr. 161). This application was denied initially and on

reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted

by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified. At the hearing, Ralph Crystal, a vocational expert (hereinafter

"VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 21-27). Plaintiff was 53 years old on the date of the alleged onset of disability. He has a 7th grade education and has worked as a construction laborer (Tr. 161-162).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffers from coronary artery disease, status-post percutaneous transluminal coronary angioplatsy with stents to the right coronary artery and the left anterior descending artery, bilateral degenerative joint disease of the knees status-post arthroscopic surgery, warm antibody hemolytic anemia in remission and hypertenson, which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24).

The ALJ then held that Plaintiff had the residual functional capacity ("RFC") to perform medium work, except he could not climb ropes, ladders or scaffolds; could not more than occasionally climb stairs and ramps; could occasionally stoop, kneel, crouch and crawl; could not operate foot pedal controls; could not work with his hands over his head; and could not be exposed to concentrated dust, gases, smoke, fumes, temperature extremes or excess humidity. (Tr. 24). The ALJ next held Plaintiff was unable to perform any of his past relevant work, but that there were other jobs in the national economy which Plaintiff could perform, and thus denied the claim. (Tr. 25-27).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12, 13 and 15] and this matter is ripe for decision.

## II. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner*

*v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred in formulating the RFC; (2) the ALJ did not reasonably rely upon the testimony of the VE and (3) the ALJ should have found that Plaintiff met the requirements of Grid 202.01.

## C. Analysis of Contentions on Appeal

The responsibility for determining a claimant's residual functional capacity is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545.3 The ALJ considers numerous factors in constructing a claimant's residual functional capacity, including the medical evidence, the non-medical evidence, and the claimant's credibility. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (unpublished). In making this determination, the ALJ is required to resolve conflicts in the evidence and incorporate only those limitations that he finds credible in the residual functional capacity assessment. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-1235 (6th Cir. 1993). Where there are conflicts regarding the

4

evidence, the ALJ's findings of credibility are entitled to great deference. *See Anthony v. Astrue*, 266 F. App'x 451, 460 (6th Cir. 2008) (unpublished) (citing *King v. Heckler*, 742 F.2d 968, 974-75 (6th Cir. 1984)).

It is clear from the ALJ's decision that he thoroughly reviewed the medical evidence. He found that, although Plaintiff had heart-related issues, his condition improved after 2005. Moreover, there are no medical assessments which would support Plaintiff's claim of disabling limitations. The only medical opinion in the record is that of a state agency physician, Lisa Beihn, M.D.. She reviewed Plaintiff's medical records in March 2012 and opined that, through his December 31, 2008 date last insured, Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently; could sit and stand or walk six hours each in an eight-hour workday; and should avoid concentrated exposure to extreme temperatures, but had no limitations to being around wetness, humidity, noise, vibration, pulmonary irritants, and hazards (Tr. 76-77). In other words, she opined that Plaintiff could perform a range of medium work. The ALJ incorporated Dr. Beihn's findings into the RFC but added additional postural and environmental restrictions.

In support of his argument that the RFC is flawed, Plaintiff points to no evidence which substantiates his claim that he cannot perform work in the range described by the ALJ.

With regard to the VE, the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and*

*Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

Plaintiff asserts a somewhat vague argument that the testimony of the VE was inconsistent with the Dictionary of Occupational Titles ("DOT"). However, while the ALJ may take judicial notice of and rely upon published vocational resources, including the *DOT*, the ALJ may also use vocational experts as sources of occupational evidence. *See* 20 C.F.R. §§ 404.1560(b)(2), 404.1566(d) and 20 C.F.R. § 404.1566(e). SSR 00-4p provides that vocational expert testimony "generally should be consistent with the occupational information supplied by the *DOT*," and the ALJ must elicit a reasonable explanation for any apparent unresolved conflict between the two sources.

In this case, ALJ then asked the vocational expert if his testimony was consistent with the *DOT* (Tr. 58). The vocational expert testified that his testimony was consistent with the *DOT* aside from some limitations in the residual functional capacity assessment that were not contemplated by the *DOT* job description and the limited education level of the individual, explaining that he had reduced the number of jobs available to account for those inconsistencies based on his "professional experience and training" (Tr. 58). The VE acknowledged that his testimony was inconsistent with the *DOT* in some respects and he explicitly indicated how he accounted for the inconsistencies (Tr. 58). The VE identified two jobs in the *DOT* that a hypothetical individual with Plaintiff's vocational characteristics and ability to perform a reduced range of medium work could perform, and reduced the number of these jobs to the extent

Plaintiff's ability to perform work differed from the requirements of the job descriptions in the *DOT.* The ALJ's reliance on the vocational expert was entirely reasonable, The Court finds no error in this regard.

As for Plaintiff's contention that the GRID direct a finding of disability, his argument is without merit.

The "grids" may be referenced by the Commissioner in carrying the burden at Step 5 unless the claimant suffers from nonexertional limitations which significantly limit the range of work permitted by his exertional limitations. *See Cole v. Secretary of Health and Human Services,* 820 F.2d 768, 771 (6th Cir. 1987).

In support of his argument, Plaintiff states that **if** the ALJ had found he was limited to light work, grid rule 202.01 would have directed a finding a disability [Docket No. 12, pg. 10]. While this may be accurate, the ALJ did **not** limit Plaintiff to light work as there was no medical source opinion of record to support that finding (Tr. 24). Rather, the ALJ reasonably limited Plaintiff to a range of medium work consistent with the only medical source opinion of record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED.** A judgment in favor of the Defendant will be entered contemporaneously herewith.

This /5th day of September, 2016.

Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge